UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00701-CBM (OPx) | Date | February 22, 2012 |
|---|---|---|---|
| Title | *Thomas v. Nelson, Watson & Associates, LLC* | | |

| Present: The Honorable | CONSUELO B. MARSHALL | |
|---|---|---|
| Joseph M. Levario | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     IN CHAMBERS/OFF THE RECORD

   The matter before the Court is Plaintiff Deon L. Thomas's Complaint, filed on January 31, 2012, regarding an action for damages pursuant to the Fair Credit and Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* [Docket No. 1]. Plaintiff Deon L. Thomas ("Plaintiff") is a resident of Riverside County, located in the State of California. (Compl. at ¶ 5.) Plaintiff alleges that this action occurred in Riverside County, State of California, and that Defendant Nelson, Watson & Associates, LLC ("Defendant") transacts business in the State of California and in the Central District of California. (Compl. at ¶¶ 5-6.) However, Defendant is a Domestic Liability Company (LLC) with an office located at 80 Merrimack Street, Lower Level, Haverhill, MA 01830. (Compl. at ¶ 8.) The basis for personal jurisdiction and venue in this case are unclear based upon the allegations in Plaintiff's Complaint; therefore, the Court issues the following Order to Show Cause.

**Personal Jurisdiction**

   It is not clear that this Court has personal jurisdiction over the Defendant. Due process requires that, "in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945) (internal quotation marks and citation omitted).

**Venue**

   It also is not clear to the Court that the Central District of California is the proper venue. Venue in federal question cases is proper in the following judicial districts, except as otherwise provided by special venue rules: (1) where any defendant resides, if all defendants reside in the same State, (2) where a substantial part of the events or omissions giving rise to the claim occurred, or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00701-CBM (OPx) | Date | February 22, 2012 |
|---|---|---|---|
| Title | *Thomas v. Nelson, Watson & Associates, LLC* | | |

§1391(b).  A corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).  28 U.S.C. Section 1400(a) further states that "[c]ivil actions, suits, or proceedings arising under the Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found."

**Conclusion**

Plaintiff has not put forth any specific allegations that allow the Court to determine whether personal jurisdiction or venue in this case are proper.  Plaintiff has not alleged that Defendant resides in this district, that Defendant committed the alleged act in this district, nor that Defendant has a regular and established place of business in this district.  To the contrary, Plaintiff has pled that Defendant is a Massachusetts company with an office in Haverhill, Massachusetts.

Therefore, the Court issues the present Order to Show Cause to Plaintiff as to why the Court should not dismiss or transfer this action for lack of personal jurisdiction and improper venue.  Plaintiff is hereby **ORDERED** to provide in writing by **Wednesday, February 29, 2012** the factual and legal basis for satisfying the requirements of personal jurisdiction and venue in the Central District of California.  Failure to respond to this Order on or before **Wednesday, February 29, 2012**, may result in the dismissal of this action, without prejudice.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7.15, NO ORAL ARGUMENT will be heard on this matter unless ordered by the Court.  The Order to Show Cause will stand submitted upon filing of a response.

**IT IS SO ORDERED**.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | JL |