1   Jeanne L. Zimmer (SBN 123321)
    Zimmerj@cmtlaw.com
2   J. Grace Felipe (SBN 190893)
    Felipeg@cmtlaw.com
3   CARLSON & MESSER LLP
    5959 W. Century Blvd., Suite 1214
4   Los Angeles, CA 90045
    (310) 242-2200 Telephone
5   (310) 242-2222 Facsimile

6   Attorneys for Defendant,
    NELSON, WATSON & ASSOCIATES, LLC
7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  Deon L. Thomas                    )  CASE NO. 2:12-cv-00701-CBM-OP
                                       )
12              Plaintiff,             )
                                       )  **ANSWER TO FIRST AMENDED**
13       vs.                           )  **COMPLAINT**
                                       )
14  NELSON, WATSON &                   )
    ASSOCIATES, LLC, a Limited         )
15  Liability Company                  )
                                       )
16              Defendant(s)           )
                                       )
17  _____ )

18

19              **ANSWER TO FIRST AMENDED COMPLAINT**

20

21       Defendant NELSON, WATSON & ASSOCIATES, LLC, (hereinafter
    "Defendant") hereby answers the First Amended Complaint ("Complaint") of Plaintiff
22  DEON L. THOMAS ("Plaintiff") as follows:

23              **PRELIMINARY STATEMENT**

24       1.    Defendant admits that Plaintiff has brought an action under the Fair
25  Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681, *et seq.*; however, Defendant
26  denies that it has violated the FCRA in any manner whatsoever.

27  / / /

28

                                     1

**JURISDICTION**

2.      Defendant admits that this court has jurisdiction for claims arising under the FCRA; however, Defendant denies that Plaintiff has a valid claim under the FCRA.

3.      Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore, denies the same at the present time.

**VENUE**

4.      Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore, denies the same at the present time.

5.      Defendant admits that venue is proper in the Central District of California.

**PARTIES**

6.      Defendant admits that Deon L. Thomas is the Plaintiff.   However, Defendant lacks sufficient knowledge to admit or deny the allegations regarding Plaintiff's residency, and therefore, Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint at the present time.

7.      Defendant admits NELSON, WATSON & ASSOCIATES, LLC is the Defendant with an address at 80 Merrimack St., Haverhill, MA 01830.  However, Defendant denies each of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint as they constitute legal conclusions.

**FACTUAL ALLEGATIONS**

8.      Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore, denies the same at the present time.

9.      Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.      Defendant denies the allegation in Paragraph 10 of Plaintiff's Complaint as it constitutes a legal conclusion.

2

1    11.    Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

2    12.    Defendant answers the allegations in Paragraph 12 of Plaintiff's

3    Complaint as follows:

4              A.    Plaintiff applied for credit, loan or services with Capital One Bank,

5                     the account which was placed with Defendant for collection.

6                     Where Defendant "intends to use the information in connection

7                     with a credit transaction involving the consumer on whom the

8                     information is to be furnished and involving the extension of credit

9                     to, or review or collection of an account of, the consumer,"

10                    Defendant possessed a permissible purpose to obtain Plaintiff's

11                    consumer report from Experian under 15 U.S.C. § 1681b(a)(3)(A).

12                    Therefore, Defendant denies the allegations contained in subpart

13                    "A" of Paragraph 12 of Plaintiff's Complaint.

14             B.    Plaintiff applied for credit, loan or services with Capital One Bank,

15                    the account which was placed with Defendant for collection.

16                    Where Defendant "intends to use the information in connection

17                    with a credit transaction involving the consumer on whom the

18                    information is to be furnished and involving the extension of credit

19                    to, or review or collection of an account of, the consumer,"

20                    Defendant possessed a permissible purpose to obtain Plaintiff's

21                    consumer report from Experian under 15 U.S.C. § 1681b(a)(3)(A).

22                    Therefore, Defendant denies the allegations in subpart "B" of

23                    Paragraph 12 of Plaintiff's Complaint.

24             C.    Plaintiff applied for credit, loan or services with Capital One Bank,

25                    the account which was placed with Defendant for collection.

26                    Therefore, Defendant denies the allegations in subpart "C" of

27                    Paragraph 12 of Plaintiff's Complaint.

28    / / /

3

D.   Plaintiff applied for credit, loan or services with Capital One Bank, the account which was placed with Defendant for collection. Therefore, Defendant denies the allegations in subpart "D" of Paragraph 12 of Plaintiff's Complaint.

E.   Plaintiff applied for credit, loan or services with Capital One Bank, the account which was placed with Defendant for collection. Therefore, Defendant denies the allegations in subpart "E" of Paragraph 12 of Plaintiff's Complaint.

F.   Defendant admits the allegations in subpart "F" of Paragraph 12 of Plaintiff's Complaint.

G.   Defendant admits the allegation in subpart "G" of Paragraph 12 of Plaintiff's Complaint.

H.   Defendant admits the allegation in subpart "H" of Paragraph 12 of Plaintiff's Complaint.

I.   Plaintiff applied for credit, loan or services with Capital One Bank, the account which was placed with Defendant for collection. Therefore, Defendant denies the allegations in subpart "I" of Paragraph 12 of Plaintiff's Complaint.

J.   Defendant admits the allegations in subpart "J" of Paragraph 12 of Plaintiff's Complaint.

K.   Defendant admits the allegations in subpart "K" of Paragraph 12 of Plaintiff's Complaint.

L.   Defendant admits the allegations in subpart "L" of Paragraph 12 of Plaintiff's Complaint.

M.   Defendant admits the allegations in subpart "M" of Paragraph 12 of Plaintiff's Complaint.

N.   Defendant admits the allegations in subpart "N" of Paragraph 12 of Plaintiff's Complaint.

4

O.    Plaintiff applied for credit, loan or services with Capital One Bank, the account which was placed with Defendant for collection. Therefore, Defendant denies the allegations in subpart "O" of Paragraph 12 of Plaintiff's Complaint.

## Count I

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY NWA

13.   Defendant repeats, re-alleges, and incorporates herein by reference its responses to Paragraphs 1 through 12, above.

14.   Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint and therefore; Defendant denies the same at the present time.

15.   Defendant admits the allegation in Paragraph 15 of Plaintiff's Complaint.

16.   Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint as it constitutes a legal conclusion.

17.   Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.   Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

## REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.   As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.   As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any provisions of 15 U.S.C. § 1681 *et seq*.

5

| | |
|---|---|
| 1 | **THIRD AFFIRMATIVE DEFENSE** |
| 2 | 3.     As a separate, affirmative defense, Defendant alleges that Plaintiff has no |
| 3 | private right of action under the Fair Credit Reporting Act. |
| 4 | **FOURTH AFFIRMATIVE DEFENSE** |
| 5 | 4.     As a separate, affirmative defense, Defendant alleges that alleged mental |
| 6 | anguish alone does not support damages under the Fair Credit Reporting Act. |
| 7 | **FIFTH AFFIRMATIVE DEFENSE** |
| 8 | 5.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims |
| 9 | are or may be subject to an arbitration agreement requiring said claims to be decided |
| 10 | by mandatory and binding arbitration.  If so, Defendant reserves its right to seek |
| 11 | arbitration under the agreement, which is specifically enforceable pursuant to the |
| 12 | Federal Arbitration Act and/or other statutes. |
| 13 | **SIXTH AFFIRMATIVE DEFENSE** |
| 14 | 6.     As a separate, affirmative defense, Defendant alleges that at all times |
| 15 | mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with |
| 16 | a good faith belief in the exercise of that right, and in the furtherance of a legitimate |
| 17 | business purpose.  Further, Defendant acted in good faith in the honest belief that the |
| 18 | acts, conduct and communications, if any, of Defendant were justified under the |
| 19 | circumstances based on information reasonably available. |
| 20 | **SEVENTH AFFIRMATIVE DEFENSE** |
| 21 | 7.     As a separate, affirmative defense, Defendant alleges that it did not engage |
| 22 | in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or |
| 23 | outrageous, and that Defendant at all times acted in good faith with respect to its |
| 24 | communications with Plaintiff, if any there were. |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

6

**EIGHTH AFFIRMATIVE DEFENSE**

8.     As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent nor intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**NINTH AFFIRMATIVE DEFENSE**

9.     As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a cause of action supporting punitive damages, and that the imposition of such damages would violate Defendant's constitutional rights to due process and equal protection.

**TENTH AFFIRMATIVE DEFENSE**

10.     As a separate, affirmative defense,  Defendant specifically incorporates by reference all standards and/or limitations regarding the determination and enforceability of punitive damage awards which arose in *BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Industries v. Leatherman Tool Group*, 532 U.S. 424 (2001) and *State Farm v. Campbell*, 538 U.S. 408 (2003).

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     As a separate, affirmative defense, Defendant alleges that it possessed a permissible purposes pursuant to 15 U.S.C. §1681b of the FCRA in obtaining Plaintiff's consumer report from a consumer reporting agency.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     As a separate, affirmative defense, Defendant alleges that a consumer reporting agency may furnish a consumer report to a person "who intends to use the information in connection with a credit transaction involving the consumer on whom the information is being furnished and involving the extension of credit to, or review or collection of an account of the consumer."  15 U.S.C. §1681b(a)(3)(A).

/ / /

07013.00:182382

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2       13.     As a separate, affirmative defense, Defendant alleges that a debt collector

3   has a permissible purpose to obtain a consumer report for the purpose of collecting a

4   consumer's debt.

5

### FOURTEENTH AFFIRMATIVE DEFENSE

6       14.     As a separate, affirmative defense, Defendant alleges Plaintiff's claims are,

7   or may be, barred because the claimed injuries and damages, if any, were or may have

8   been caused by the conduct of third parties, including, but not limited to, the prior,

9   intervening, or superseding conduct of third parties.

10

### FIFTEENTH AFFIRMATIVE DEFENSE

11      15.     As a separate, affirmative defense, Defendant alleges Plaintiff's claims are,

12   or may be, barred by Plaintiff's own conduct, actions, omissions and inaction which

13   amount to and constitute a waiver of such claims and relief sought thereby.

14

### SIXTEENTH AFFIRMATIVE DEFENSE

15      16.     As a separate, affirmative defense, Defendant alleges Plaintiff's claims

16   are, or may be, barred because the claimed injuries and damages were not proximately

17   caused by any acts or omissions of Defendant.

18

### SEVENTEENTH AFFIRMATIVE DEFENSE

19      17.     As a separate, affirmative defense, the Complaint, and each cause of action

20   alleged therein against Defendant are barred by the conduct, actions and inactions of

21   Plaintiff, which amount to and constitute an estoppel of the claims and any relief

22   sought by the Complaint.

23

### EIGHTEENTH AFFIRMATIVE DEFENSE

24      18.     As a separate, affirmative defense, Defendant alleges, to the extent that

25   Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has

26   failed to mitigate any such claimed damages.

27   / / /

28   / / /

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINETEENTH AFFIRMATIVE DEFENSE

19.     As a separate, affirmative defense, Defendant alleges that federal law preempts some or all of Plaintiff's claims and causes of action, and said claims and causes of action are therefore barred as a matter of law.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     As a separate, affirmative defense, Defendant alleges that a *pro per* plaintiff cannot recover attorneys' fees under the Fair Credit Reporting Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

PLEASE   TAKE   NOTICE   that   Defendant   NELSON,   WATSON   & ASSOCIATES, LLC, demands a jury trial in this case.


DATED: March 21, 2012                    CARLSON & MESSER LLP


By   /s/ J. Grace Felipe
Jeanne L. Zimmer
J. Grace Felipe
Attorneys for Defendant,
NELSON, WATSON & ASSOCIATES,
LLC

9