1  Deon L. Thomas, Pro Se
   14626 Red Gum Street
2  Moreno Valley, CA  92555
   Phone:  (951) 413-9071
3  Email:  Dlthomas32@gmail.com
   Plaintiff Pro Se
4
   Jeanne L. Zimmer (SBN 123321)
5  Zimmerj@cmtlaw.com
   J. Grace Felipe (SBN 190893)
6  Felipeg@cmtlaw.com
   CARLSON & MESSER LLP
7  5959 W. Century Blvd., Suite 1214
   Los Angeles, CA 90045
8  (310) 242-2200 Telephone
   (310) 242-2222 Facsimile
9  Attorneys for Defendant,
   NELSON, WATSON & ASSOCIATES, LLC
10

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13
   DEON L. THOMAS                   )  CASE NO. 2:12-cv-00701-CBM-OP
14                                  )
                 Plaintiff,         )
15                                  )  **JOINT RULE 26(f) REPORT &**
        vs.                         )  **PROPOSED DISCOVERY PLAN**
16                                  )
   NELSON, WATSON &                 )  Scheduling Conf:  June 4, 2012
17 ASSOCIATES, LLC, a Limited       )  Time:  10:00 a.m.
   Liability Company                )  Judge:  Hon. Consuelo B. Marshall
18                                  )  Courtroom:  2
                 Defendant.         )
19                                  )

20       Pursuant to *Federal Rule of Civil Procedure* Rule 26(f), Plaintiff *pro se*, DEON

21 L. THOMAS ("Plaintiff") and counsel for Defendant, NELSON, WATSON &

22 ASSOCIATES, LLC ("Defendant") (collectively referred to as, the "Parties") met and

23 conferred telephonically on May 9, 2012, and submit the following Joint Rule 26(f)

24 Report and Proposed Discovery Plan.

25 / / /

26 / / /

27 / / /

28

                                    1

1. **A brief description of the nature of the case and type of action filed and the date filed in District Court**

Plaintiff DEON THOMAS ("Plaintiff") asserts that Defendant NELSON, WATSON & ASSOCIATES, LLC ("Defendant") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by obtaining his credit report in February 2009 without a permissible purpose.  Plaintiff alleges he is entitled to statutory damages, actual damages, attorneys' fees and costs.  Case filed in this action on January 26, 2012.

Defendant contends that it possessed a "permissible purpose" under 15 U.S.C. § 1681b(a)(3)(A) of the FCRA, which allows a consumer reporting agency to give a report to a person it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."  Here, a delinquent Capital One credit account allegedly issued to Plaintiff was placed with Defendant for collections.  Defendant initiated a credit inquiry ("soft pull") regarding Plaintiff with the credit agencies.  Since Defendant's soft pull of Plaintiff's credit report involved the collection of the delinquent Capital One credit account allegedly issued to Plaintiff, then Defendant had a "permissible purpose" under the FCRA.

2. **The number of depositions to be taken by each side and the date the deposition is set.**

The Parties agree to conduct depositions, including the number and length of depositions, within the guidelines and constraints as set forth in the *Federal Rules of Civil Procedure*.  There are no depositions currently scheduled.

/ / /

/ / /

/ / /

/ / /

2

**3.     The written discovery sought and the date responses to Interrogatories, Request for Production and Request for Admissions are due.**

1)     Plaintiff - Plaintiff's discovery will be directed toward Defendant obtaining Plaintiff's credit report.   Plaintiff will also conduct discovery into Defendant's affirmative defenses.   Plaintiff intends to conduct depositions and propound written discovery.

Defendant - Discovery is needed regarding the nature and extent of the alleged contacts between the parties, Plaintiff's claims and alleged damages, and Defendant's affirmative defenses and collection procedures.  Defendant intends to conduct written discovery and depositions.

2)     Electronically stored information:   Plaintiff has not identified nor anticipates issues to arise relating to the identification, maintenance and production of electronically stored information.   Plaintiff agrees to produce electronically stored information in hard copy form.

3)     Discovery conducted thus far: The Parties have informally produced documents, but no formal written discovery has been served, as of yet.

4)     The Parties expect to complete fact discovery by November 22, 2012.

**4.     The number of experts expected to be called by each side and the expert's area of expertise.**

The Parties agree to disclose expert witnesses in accordance with Rule 26(a)(2) of the *Federal Rules of Civil Procedure*.   The Parties further agree to the time for expert witness disclosures as set forth in FRCP 26(a)(2)(C).   The Parties propose that initial experts be disclosed on October 31, 2012, rebuttal experts on November 29, 2012, and the expert discovery cut-off will be January 14, 2013.

/ / /

/ / /

/ / /

/ / /

3

**5.     Proposed Pre Trial Conference dates.**

|  |  |
|---|---|
| Fact discovery cut-off: | November 22, 2012 |
| Expert Witness Disclosure: | October 31, 2012 |
| Rebuttal Expert Witness Disclosure: | November 29, 2012 |
| Expert discovery cut-off: | January 14, 2013 |
| Motion hearing date cut-off: | January 28, 2013 |
| Pre-trial conference: | February 19, 2013 |
| Trial: | March 29, 2013 |

**6.     Date Demand for Jury Trial was filed.**

Plaintiff and Defendant demanded a Jury Trial.

**7.     Prospects of settlement, pursuant to Local Rule 16.**

The Parties have discussed settlement in good faith, and have been unable to reach an agreement at this time.  The Parties consent to mediation through the Court's ADR program/mediator panel.

**8.     Position of counsel re: Consent to Proceed Before a Magistrate Judge.**

The Parties to not consent to a magistrate judge for all purposes.

**9.     A list of contemplated motions, including what type of motion, a tentative hearing date, and whether discovery must be conducted prior to the filing of the motion.**

Plaintiff believes that liability can be determined in a motion for summary judgment, with tentative hearing date, and only after completion of discovery.  Defendant anticipates filing for summary judgment.

DATED: May 11, 2012                    DEON L. THOMAS, PRO SE


By /s/ Deon L. Thomas
Deon L. Thomas
PLAINTIFF PRO SE

4

| | |
|---|---|
| 1 | DATED: May 11, 2012       CARLSON & MESSER LLP |
| 2 | |
| 3 | By /s/ J. Grace Felipe |
| 4 | Jeanne L. Zimmer<br>J. Grace Felipe<br>Attorneys for Defendant, |
| 5 | NELSON, WATSON & ASSOCIATES,<br>LLC |

5