ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

NOV 2 8 2012

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1  Deon L. Thomas
   14626 Red Gum Street
2  Moreno Valley, CA 92555
   951-413-9071
3  dlthomas32@gmail.com

4

5

6

7

8  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**

9

10  Deon L. Thomas                        ) Case No. ED12-CV-00701 CBM (OPx)
    Plaintiff                             )
11                                        )
                                          ) PLAINTIFF'S DEON L. THOMAS
12  V.                                    ) RESPONSE IN OPPOSITION AND
                                          ) MEMORANDUM OF POINTS AND
13                                        ) AUTHORITIES TO DEFENDANT'S
    NELSON, WATSON &                      ) MOTION FOR SUMMARY
14  ASSOCIATES, LLC, is a Domestic        ) JUDGMENT
15  Limited Liability Company (LLC)       )
    Defendant                             ) Date: December 17, 2012
16                                        ) Time: 10:00 a.m.
                                          ) Courtroom: 2
17                                          Judge:  Consuelo B. Marshall

18

19

20

21  COMES NOW, the Plaintiff/Consumer, Deon L. Thomas, pursuant to Federal Rule of Civil

22  Procedure 56 and files this Response in opposition to Defendant Motion for Summary

23  Judgment and states:

24                      **MEMORANDUM OF POINTS AND AUTHORITIES**

25

26                              I.    **Introduction**

27

28

Plaintiff is Deon L. Thomas; Defendant's are Nelson, Watson & Associates ("NWA" or "Defendant").

1. On January 31, 2012, Plaintiff filed a complaint for violations of Fair Credit Reporting Act (FCRA) §1681et seq.On February 27, 2012, Plaintiff files First Amended Complaint.

2. On March 21, 2012 Defendant filed an answer.

3. On November 13, 2012 Defendant's filed for Motion for Judgment on the Pleadings.

4. Under Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3 (emphasis in original). The conference "shall take place at least ten (10) days prior to the filing of the motion." Id. If a resolution cannot be reached, the moving party shall state in its notice of motion the date on which the conference of counsel under Local Rule 7-3 Id.  The Defendant failed to comply with Local Rule 7-3, prior to filing this Motion for Summary Judgment.

## II.    Statement of Facts

5. In Plaintiffs Opposition for Summary Judgment, the elements of each claims to sustain that there are issues of material fact are as follows:

    a)  This Court should Decline to Consider the Motion for Summary Judgment Because Defendant Has Failed To Comply With The Local Rules.  [Doc 6 p.4 ¶ 7].

    b)  Plaintiff's Claim Does Not Fail Because to Allow the Defendant To Do Nothing More Than Say There Was An Account And Not Be Required To Verify and/or Authenticate An Account Is Not Enough

d)  Defendant is relying upon a Faulty Declaration from an Emplyee of NWA (DK), Not a Verified Declaration or Affidavit from Capital One.

e)  Defendant Fails to Establish a Transaction Existing With Plaintiff.

f)  Defendant's Defense to Have "Reason to Believe" To Have a Permissible Purpose Fails and Confirms There Are Material Issues of Facts.

6.  Plaintiff discovered the violations alleged in this cause of action in December of 2010 after he began in intense study of the FCRA and through diligent study and research determining that the Defendant did not have a permissible purpose to have obtained here credit report. [Doc 9 p.2 ¶ 10]

7.  There is a declaration of Daniel Kuzmitski ("DK") with Defendant Motion for Summary Judgment.  The Plaintiff objects to all statements in DK declaration. [Kuzmitski Decl.]

8.  The declaration of DK stating that "I am Director of Training and Compliance for  NWA, "I am submitting this declaration in support of Defendant NWA". "I have personal knowledge of the following facts set forth in this Declaration". [Kuzmitski Decl.]

9.  DK also states: "In my capacity as Director of Training and Compliance for NWA, I am responsible, in part, for ensuring that all collection activities on behalf of NWA comply with the company's record-keeping systems and policies", he also state "Record and account review is one of my day to day activities and I am familiar with the record keeping system in place at NWA, Including electronic credit bureau inquiry records.", he further state " I know that in the ordinary course of business, account records for every debtor are initially created upon **referral** of a debt for collection and are contemporaneously updated with the relevant account activities either by automated computer entry or by employees familiar with NWA's record keeping systems, practices and policies NWA's account

records are maintained electronically for all of its collection accounts." [Kuzmitski Decl. p. 2 ¶3]

10. There is no documentation whatsoever annexed to the declaration or their pleading to evidence DK being familiar with Capital One's business practices, record- keeping systems or policies and procedures. [Exhibit 1 Plaintiffs Affidavit]

11. There is no documentation whatsoever annexed to the declaration or their pleading to evidence a "referral" of an alleged debt he reference. [Exhibit 1 Plaintiffs Affidavit]

12. There is no documentation whatsoever annexed to the declaration or their pleading to evidence any contract or other verified authenticated evidence of any alleged "account" with Deon L. Thomas. [Exhibit 1 Plaintiffs Affidavit]

13. In the declaration submitted by DK, he states "In accordance with its ordinary business practice, NWA has maintained account records for Plaintiff Deon Thomas account since the debt was referred to NWA for collection." [Kuzmitski Decl. p. 2 ¶4]

14. There is no documentation whatsoever annexed to the declaration or their pleading to evidence any certified account records in the name of NWA or referred in NWA's name. [Exhibit 1 Plaintiffs Affidavit p. 1 ¶6]

15. In the declaration submitted by DK, he states "Account records memorialize all of the material actions undertaken on Plaintiff's account and accurately itemized all the calls and correspondence to or from an account holder." He also state "Account records also reflect credit report requests and/or inquiries." [Kuzmitski Decl. p. 2 ¶4]

16. There is no documentation whatsoever annexed to the declaration or their pleading to evidence or prove any account records from NWA of any type of actions undertaking on

Deon Thomas.  There is no documented evidence of any verifiable itemized calls or letters received by Plaintiff. [Exhibit 1 Plaintiffs Affidavit p. 1 ¶6]

17.    In the declaration submitted by DK, he states "Plaintiff Deon Thomas is the account holder of a past due credit card account placed with NWA for collection." [Kuzmitski Decl. p. 2 ¶7]

18.    There is no documentation whatsoever annexed to the declaration or their pleading to evidence or prove Plaintiff is an account holder from any entity, let along NWA.  [Exhibit 1 Plaintiffs Affidavit p. 2 ¶7]

19.    There is no documentation whatsoever annexed to the declaration or their pleading to evidence or prove any placement agreement between Capital One and NWA.  [Exhibit 1 Plaintiffs Affidavit p. 2 ¶8]

20.    In the declaration submitted by DK, he claims to be "*familiar*" with NWA's record keeping system in place at NWA." He further states he is "*familiar with NWA's electronic credit bureau inquiry records…*" [Kuzmitski Decl. p. 2 ¶3] The legal definition of the term "*familiar*" taken from Blacks Law Dictionary, Revised 4th Edition is:

a.    **FAMILIAR**: The word is equivalent to the word "know*" Smiley v. Lenane*, 363 Ill. 66, 1 N.E.2d 213, 216.

b.    **KNOW**: To have knowledge; to possess information, instruction or wisdom. *State v Ransberger*, 106 Mo. 135, 17 S.W. 290, *Horne v Lewis*, 160 Ga. 824, 129 S.E. 95.

21.    DK further states "On December 17, 2008, Capital One Placed Plaintiff's account with NWA for collection".  DK states "A true and correct copy of the account records for Plaintiff's Capital One credit card account no. xxxx-xxxx-xxxx-5256 are attached hereto as Exhibit "A" ." He also states that "NWA received information confirming these facts,

**PLAINTIFF'S DEON L. THOMAS RESPONSE IN OPPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

which it incorporated into its account records in the ordinary course of business."

[Kuzmitski Decl. p. 3 ¶9]

22.   There is no documentation whatsoever annexed to the declaration or their pleading to evidence an alleged "account" was placed with NWA for collection.  The document labeled as "account record" does not include NWA's name or Capital One's name, nor does NWA provide any other documentation evidencing "a placement with NWA".  There is nothing in this document to authenticate or verify the labeled document as "account record" belonging to NWA or any other entity.  [Exhibit 1 Plaintiffs Affidavit p. 2 ¶9]

23.   The alleged account records provided by NWA begin in 2004; alleged statements begin in 2006 and end 2008.  [Exhibit 1 Plaintiffs Affidavit p. 2 ¶11]

24.   The alleged statements on or about 2008 was the last statement provided has an amount of $3, 880.67, and DK's states an alleged amount owed of $4099.49, wholly different amount alleged to be owed.  [Exhibit 1 Plaintiffs Affidavit p. 2 ¶12]

25.   There is no documentation whatsoever annexed to the declaration or their pleading to evidence an alleged account being in "default".  [Exhibit 1 Plaintiffs Affidavit p. 2 ¶10]

26.   There are no documents purporting to evidence transfer of ownership of the alleged "*account*" to NWA or any documentation showing the actual existence of any alleged "*account*" from Capital One or any other entity alleged to be in the chain of ownership.  [Exhibit 1 Plaintiffs Affidavit p. 2 ¶14]

27.   The declaration filed by the defendant refers to transactions involving placement or referral of ownership of the alleged "*account*" where there is no verified evidence of such that has been made a part of the record or entered into evidence as exhibits. [Exhibit 1 Plaintiffs Affidavit p. 2 ¶14]

**PLAINTIFF'S DEON L. THOMAS RESPONSE IN OPPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

28. Defendant made the assertion that an account was placed with them on April 6, 2011, which is wholly different and contradictory to DK's statement of account being placed by Capital One December 17, 2008. [Exhibit 1 Plaintiffs Affidavit p. 2 &3 ¶¶15-17, Exh. 2]

### III.   <u>Standard of Review</u>

29. Although summary judgment is proper in any case where no genuine issue of material fact is, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

30.    A defendant who seeks summary judgment on a Plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of Plaintiff's claim or (2) showing there is no evidence to support an essential element of Plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, inc.,* 76 F3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.,* 477 U.S. at 322-23, 106 S. Ct. at 2552-53.  Defendant cannot rely on conclusory statements to establish that Plaintiff has not presented evidence on an essential element of his claim.  Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.* 477 U.S. at 327, 106 S. Ct. at 2555.  Only if defendants meet their burden is Plaintiff required to respond by summary judgment proof to show a genuine issue of material fact.  Fed R. Civ. P. 56(e).

31.    In determining whether there is a dispute issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to Plaintiff as the nonmovant.  *Garcia v. Pueblo Country Club,* 229 F.3d 1233, 1236-37 (109th Cir. 2002).

32.    The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the

**PLAINTIFF'S DEON L. THOMAS RESPONSE IN OPPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

[nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("[O]pponent must do more than simply show that there is some metaphysical doubt as to the material facts."). Further, "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment [and] [f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. At the summary judgment stage, a court does not make credibility determinations or weigh conflicting evidence. *See id.* at 249. A court is required to draw all inferences in a light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

## IV.   Argument and Authorities

### A.   This Court should Decline to Consider the Motion for Summary Judgment Because Defendant Has Failed To Comply With The Local Rules.

As a matter before the Court, if for no other reason Defendant's motion should be denied because the Defendant's counsel has failed to meet the requirement of Local Rule 7-3.

33. The Local Rules require the parties to meet and confer prior to filing certain motions. Local Rule 7-3 states in relevant parts:

> **Pre-filing Requirement:** pursuant to Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." L.R. 7-3 (emphasis in original). The conference "shall take place at least ten (10) days prior to the filing of the motion." Id. " If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall state in its notice of motion the date on which the conference of counsel took place under Local Rule 7-3" Id.

34.  The Court should find that Defendant's counsel failed to comply with Local Rule 7-3.  While Defendant's notice of motion failed to states that the "motion is made following the conference of counsel pursuant to Local Rule 7-3."  The dates, times, and location on which a conference of counsel took place, which is required under the Local Rule, is omitted. Defendant's counsel made no effort to contact Plaintiff about their motion for summary judgment.  Defendant's filing of the Motion for Summary Judgment appears to be part of a "gotcha" effort that creates the unnecessary motion practice that the Local Rule 7-3 is designed to avoid.  The Affidavit of Deon L. Thomas in opposition to Defendant's motion states that the conference, in the form of a teleconference, mailed and/or faxed letter, never took place prior to the filing to this motion.  See Thomas Affidavit

35.  The Defendant's counsels cannot provide any details regarding the any dates or substance of any purported conversations between the parties regarding a meet and confer about pre-motion.  A mere "conversations about the merits of Plaintiff's claims" do not equate with discussions regarding a contemplated motion.  The Defendant's Counsel cannot indicate any such conversations about a pre-motion were held in person, which, while not required, is preferred under the rule.  Based on this record the Court should conclude that correspondence sent three days before the filing of the motion constitutes substantial compliance with Local Rule 7-3. While Defendant's Counsel is well aware of filing dates of motion deadline quickly approaches and no hearings during the holidays, Defendant's Counsel was only trying to meet the Court's deadline for the last day for filing motions, it is Defendant who waited until the final hour during the holidays to file its motion for summary judgment.  The Court should not excuse Defendant Counsel from complying with Local Rule 7-3.  Accordingly,

PLAINTIFF'S DEON L. THOMAS RESPONSE IN OPPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1    the motion for summary judgment should be DENIED for failure to comply with Local Rule

2    7-3.

3            **B.**  **Plaintiff's Claim Does Not Fail Because to Allow the Defendant To Do Nothing**

4            **More Than Say There Was An Account And Not Be Required To Verify and/or**

5

6            **Authenticate An Account Is Not Enough**

7    NWA Did Not Have a Permissible Purpose for Obtaining Plaintiff's Consumer Credit

8    Report.  There are issues of material fact before this Court, regarding what the Defendant

9    relied upon as an alleged account.

10

11   36.  There is no verified factual information that backs DK statement up in his declaration.  DK

12        does not state the date in which he was employed by Capital One, and that he has first hand

13        fact knowledge of Capital One record keeping.  Assuming *arguendo* if we must that the

14        alleged account was Plaintiffs, what proof did the Defendant supply to the Court or Plaintiff,

15        that the alleged Capital One account was accurate?  DK has made conclusory statements in

16        his declaration, he has knowledge only of what has been given to them allegedly by another

17        party and there is no verified proof that the information was true and correct.  Therefore, they

18        had no permissible purpose, because they had no reason to believe, and took no action to

19        check the authenticity of what was allegedly give to them.

20

21   37.  Evidence should not be considered without adequate assurance that their contents can be proved

22        by admissible evidence at trial." Id. (footnotes omitted) (citing Garside, 895 F.2d at 49, 50; 14

23        Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990)).

24

25   38.  Defendant doesn't mention one time in their motion that they verified that the information

26        allegedly given to them from Capital One was true and correct, and then they obtained

27        Plaintiff credit report.

28

39. Defendant are relying on a conclusory statement from Capital One that the information they alleged was sent to them was correct.

40. **American Banker** is a well-known industry and trade publication of the banking industry published since 1836. In Exhibits "3", "4", "5", *and* "6". this Tribunal can read about the fraudulent robo-signing of many thousands of affidavits in support of litigation on credit cards that is but a follow-up to the massive fraudulent robo-signing of foreclosure documents nationwide that has literally thrown the property records of this entire country into complete disarray and has clogged the judicial system beyond capacity as consumers learn of this fraud and stand up to defend themselves. It would seem the statutes passed by Congress to protect the consumer have been stretched beyond their elastic limits resulting in harm instead of the intended protection.

41. The Defendant makes it appear that its clear cut that they have the authority to collect an alleged debt from the Plaintiff, and an account was placed with them on December 17, 2008 by Capital One. They failed to indicate that Plaintiff received a letter from a Jennifer A. Kirby, an attorney for Surdyk, Dowd & Turner Co., L.P.A. on January 19, 2012, stating something utterly different, and involving Pinnacle Credit Service.

42. There is conveniently a **lack** of information regarding Pinnacle Credit Service in this motion for summary judgment. Therefore, this raises even more of a question as to who had an alleged authority to collect what?

43. In DK's declaration he clearly states that an alleged account was placed with them by Capital One on December 17, 2008, Yet Defendant also states "an account was placed with NWA on April 6, 2011 by Pinnacle Credit Services." See Plaintiff Exhibit A, Plaintiff Affidavit

44. Where does the truth rest? The Court should carefully consider that there are conflicting and contradictory statements made between DK's declaration and Jennifer A. Kirby, who sent a letter on NWA's behalf on January 19, 1012? Neither has provided any assignments nor evidence of an alleged account being placed with NWA to give them any right to collect, which would be a pre-requisite for NWA have any possibility of a permissible purpose to obtain Plaintiffs credit report.

45. DK's declaration said an alleged account was placed with them by Capital One, yet the letter from Jennifer A. Kirby of Surdyk, Dowd & Turner Co., L.P.A. said it was placed with NWA for collection by Pinnacle Credit Service.

46. In the Letter dated January 19, 2012, clearly it states that Pinnacle Credit Service is saying at some time monies were owed to them, they are debt buyers.

47. According to a "Press Release" of West Virginia Attorney General, Darrell McGraw, he states that "A settlement was reached with Pinnacle Credit Services, a Minnesota Debt Purchaser", he also states "Consumer Protection Division began investigation Pinnacle after received a complaint from a consumer who stated that she did not owe the debt Pinnacle was attempting to collect." http://www.wvago.gov/press.cfm?ID=16&fx=more. See Plaintiff Exhibit 7

48. There is rapidly mounting evidence becoming public of the incredible fraud and abuse being perpetrated on consumers by banks and debt collectors such as the Defendants. It is not only prudent but is the responsibility of Plaintiff and all other consumers to question the actions of those who would attempt to collect any *"alleged debt"* from them.

**C. Defendant are Relying Upon A Faulty Declaration From An Emplyee Of NWA (DK), Not A Verified Declaration  or Affidavit From Capital One**

49. DK has not stated the dates of his employment with Capital One, so that he may speak on the authenticity or accuracy of any information that came from Capital One.

50. The declaration made by DK states "Plaintiff DEON THOMAS is the account holder of a past due credit card account **placed** with NWA for collection."( Kusmitski decl. ¶ 7) see also Kusmitski decl. ¶ 8 and 9.

51. The Plaintiff is not in the possession of nor is there anything on the record made that the Defendant had the authority to collect any debt allegedly to be owed to Capital One.

52. The declaration made by DK is conclusory because it is referring to facts not in evidence, before the Court, as an alleged account being **place** with Defendant. There are no factual arguments that was attached to the declaration of DK, to back up the basis of his claim, he make conclusory statements.

53. In the declaration made by DK ¶ 9, he reference Exhibit "A", stating "A true and correct account record for Plaintiff's Capital One credit card account".

54. The account records DK reference in his declaration ¶ 9 does not have any indication that this document came from Capital One.

55. The Plaintiff is not in the possession of nor is there anything on the record made that the alleged account record in Defendant Exhibit "1" is a verified Capital One account record.

56. Defendant provided in their Exhibit "A" as alleged evidence of an account, what appears to be statement allegedly from Capital One. The barely legible alleged statement provided by the Defendant as alleged evidence starts on November 10, 2006 and appears to end on December 12, 2008. The Plaintiff would like to point out to the Court that the amounts that suppose to be due on the alleged statement was $3, 880.67, which is wholly different than any amount that DK alleged in his declaration as being due.

57. The fact that Defendant brings a smattering of statements, that appears, with the date commencing years after the alleged inception of the account and end indicating a figure wholly and remarkably different than the amount alleged to be due, it brings in to question the validity of any claims of Defendant having a permissible purpose.

58. When there are as many discrepancies as provided by Defendant, and all the alleged proof that has been provided to the Court as supposedly conclusive evidence, flies in the face of common sense.

59. While the Defendant can state that they had reasonable belief which gave them permissible purpose, they have no way, in no shape or form, except in a conclusory statement, with no attached corroborating evidence, they have no way shown they have any rights to obtain Plaintiff's credit report.

60. Defendant failed to provide evidence that they in fact were entitled to or could have a permissible purpose to obtain plaintiff credit report.

61. The Plaintiff is not in the possession of nor is there anything on the record made that would indicate factually that an alleged account was placed, and is an conclusory statement provided by DK in his declaration, and should not be considered because there are no supporting evidence attached to the declaration.

62. Having copies of some alleged credit card statements that can easily be photo-shopped, does not equate to proof that they have been assigned or an alleged account place with them, which would give them a permissible purpose to obtain Plaintiff's credit report.

63. There are no facts set forth in the declaration which explain what gave Defendant "a reasonable basis to believe that the debt belonged to the named Plaintiff." The Court should find that DK's statement are conclusory and insufficient to support Defendant's motion for

**PLAINTIFF'S DEON L. THOMAS RESPONSE IN OPPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

summary judgment.1 See *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without supporting facts have no probative value.") (quoting *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) (internal quotation marks omitted); *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir.1985) ("[C]onclusory allegations [in an affidavit] without specific supporting facts have no probative value ."); see also Fed. R. Civ. P. 56(e) ( "[a] supporting or opposing affidavit must be made on personal knowledge"); cf. *Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005) ("mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion"); *Bald Mountain Park Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir.1989) ("Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment."). Hence, the Court will deny Defendant's motion without prejudice.

### D. Defendant Fails to Establish a Transaction Existing With Plaintiff

64. The declaration filed by the defendant refers to transactions involving placement or referral of ownership of the alleged "*account*" where there is no verified evidence of such that has been made a part of the record or entered into evidence as an exhibits. [Plaintiffs Exh. 1]

65. Plaintiff objects and disagrees of any "involvement" of credit transaction that would lead to a collection activity by Defendant. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665,674-76 (9th Cir. 2010); *see also Grigoryan v.Convergent Outsourcing, Inc.*, CV 12-1499-CAS (PLAx), 2012 U.S. Dist. LEXIS 137673, *11 (C.D. Cal. Sept. 24, 2012) ("While defendants *could* permissibly obtain plaintiffs credit report in connection with the collection of a debt they had been authorized to collect on behalf of a third party, where that third party had entered into a consumer credit transaction with plaintiff.").

66. There is no statement made in the declaration of DK as to what type of alleged "*account*" (ie demand deposit, asset, credit, etc.) the defendant is referring to as being referred to NWA which **could** give them any permissible purpose to obtain the credit report of the Plaintiff even if such an "*account*" existed which has not been established through verified evidence before the court.  In *Miller v. Trans Union LLC*, United States District Court, N.D. Illinois, Eastern Division (2007) the court states that "individuals who do not consent to a transaction deserve greater, not lesser, privacy protections under FCRA…" *See* also *Stergiopoulos v. First Midwest Bancorp.,Inc.*,427 F.3d 1043, 1047 (7th Cir. 2005), (*"An entity may rely on subparagraph (3)(A) only if the consumer initiates the transaction.  A third party cannot troll for reports, nor can it request a report on a whim… "*). Defendant cites 15 U.S.C. § 1681b(a)(3)(A) in its motion for summary judgment as the basis for its permissible purpose yet no evidence before the court supports their contention.

67. Plaintiff need only show that the injury is "fairly traceable" to the conduct alleged. Lee v. City of Chicago, 330 F. 3d 456, 468 (7th Cir. 2003) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Plaintiffs have done so here.

68. There is no verified evidence in any form that has been entered into the court record showing any account numbers, contracts, and signatures, amounts alleged to be due, date of origination of the alleged "*account*", current status, "placement agreement" or dates and terms of referral or transfer of ownership of the alleged "*account*" to the defendant, therefore no transaction has been presented to this Court.

### A. Defendant's Defense To Have "Reason To Believe" To Have A Permissible Purpose Fails and Confirms There Are Material Issues Of Facts

69.   It would seem highly unreasonable to assume that the intent of Congress in the passing of the FCRA, FDCPA and the TCPA was to afford blanket immunity to the debt collection industry to "run amok" under a self-serving doctrine of *"reason to believe"* in order to do anything they please.  A breach of duty to perform due diligence in regard to consumers' personal information does not indicate a *"reason to believe"* but rather a self-proclaimed "free pass" to ignore the spirit of the law and run roughshod over the consumer invading their privacy at will.

70.   The issue of *"reason to believe"* is clearly defined by Judge Sonia Sotomayor in **Miller v Wolpoff & Abramson, LLP, 2d Cir., No. 02-7017, Feb.25, 2003**, The case did not involve the FCRA, or *"permissible purpose"* under the FCRA however the case does address the issue of *"reason to believe"*.

a.   The affidavits submitted by Defendants in the case indicate they reviewed no more than *"very limited information"* before collection action such as; *"Mr. Miller's full name, social security number, current address, telephone number and the Lord & Taylor account number, the amount of the debt and a notation that Mr. Miller was an attorney"*. The Court held that the *"information reviewed would not enable a determination of whether Mr. Miller was in bankruptcy, whether information in the record was inconsistent or incomplete, whether Miller was or was not obligated to pay the debt, or whether Miller was the correct debtor."* The Court ruled that the information reviewed by W&A **did not entitle them to summary judgment** because it could not conclude that the information in Plaintiff's file was adequate to make these kinds of judgments.  In addition the Court ruled that the information supplied above to UC & S partner Mitchell Slamowitz was **too insufficient** to support the conclusion as a *"matter of law"* that any professional judgment was exercised before collection efforts..

b.   In regard to the standard of review by the Defendants Judge Sotomayer  stated; "On this undeveloped record, however, it suffices for us to hold that **merely being told by a client that a debt is overdue is not enough.** See Nielsen v Dickerson, 307 F.3d 623,638 (7th Cir.2002). She further states; "These affidavits, however, lack sufficient detail to permit the district court or us to determine that their review was sufficient as a *"matter of law."* As Judge Sotomayer stated the conclusory language used in the affidavits did not adequately describe what information Abramson reviewed to exercise his "independent professional judgment".

71.   NWA rely on the premise of *"reason to believe"*. The language of the FCRA does not explicitly define that term however upon a close analysis one can discover its meaning and thus the intent

**PLAINTIFF'S DEON L. THOMAS RESPONSE IN OPPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

of Congress in using it by consulting the definitions within Blacks Law 4th Edition which fit the situation;

   a. **REASON**: "an inducement, motive, or ground for action as in the phrase "reasons for an appeal." Miller v Miller, 8 Johns. (N.Y.) 77.

   b. **REASONABLE**: "Thinking, speaking, or acting according to the dictates of reason; not immoderate or excessive, being synonymous with rational; honest; equitable; fair; suitable; moderate; tolerable. Cass v State, 124 Tex.Cr.R. 208, 61 S.W.2d 500.

   c. **REASONABLE AND PROBABLE CAUSE**: " It is a suspicion founded upon circumstances sufficiently strong to warrant reasonable man in belief that charge is true. Murphy v Murray, 74 Cal.App. 726, 241 P. 938, 940.

   d. **REASONABLE ACT**: Such as may fairly, justly, and reasonably be required of a party.

   e. **BELIEF**: A conviction of the truth of a proposition, existing subjectively in the mind, and induced by argument, persuasion or proof addressed to the judgment. Keller v. State, 102 Ga. 506, 31 S.E. 92. "Knowledge is an assurance of a fact or proposition founded on perception by the senses, or intuition; while **"belief"** is an **assurance gained by evidence, and from other persons**. Brooks v. Sessoms, 47 Ga. App. 554, 171 S.E. 222, 224.

   f. **BREACH OF DUTY**: In a general sense, any violation or omission of a legal or moral duty. More particularly, the neglect or failure to fulfill in a just and proper manner the duties of an office or fiduciary employment. Every violation by a trustee of a duty which equity lays upon him, **whether willful and fraudulent, or done through negligence or arising through mere oversight or forgetfulness, is a breach of duty.** Hivick v. Hemme, 118 Okl. 167, 247 P. 692, 693.

72. NWA had a duty to verify the true identity of the "*alleged account holder*" rather than assume the information allegedly obtained from Capital One was accurate. With the well documented problems within the debt collection industry and the substantial litigation against them as a result, NWA knew or should have known that there were major discrepancies in the information with which they were working, and **willfully** failed to correct it. NWA should have had procedures in place to verify all information before obtaining Plaintiff's credit report and invading his privacy. The language of the FCRA does not overcome a lack of due diligence required when dealing with the personal and private information of consumers nor does it

define a "*reason to believe*" to be a simple acceptance of arbitrary information taken at face value. A "*reasonable belief*" does not equate to a lack of any semblance of due diligence to ascertain legitimacy and or correctness of the information being provided.  Plaintiff had and has every reason to believe that NWA deliberately breached their duty to validate, verify and legitimize the "*alleged account*" before violating his rights and invading his privacy when they obtained his credit report in 2009.

## I.   OBJECTIONS

73.   The evidence submitted in support of Defendants motion should not be considered by the Court, because it is not properly authenticated, is hearsay, and refers to facts not in evidence before the Court.  Plaintiff moves the Court to strike the following summary judgment proof:

   a) **Declaration** Defendant relies on a defective declaration give by Daniel Kuzmitski.

   - Defendant state in their motion that they rely on a Declarations provided by Daniel Kuzmitski and unauthenticated documents for **"summary judgment evidence"** where the declaration and documents annexed to their motion.

   - The Declaration refers to facts not in evidence before the Court.

   - The Declaration has not been authenticated before the Court and is hearsay.

   - The information contained in the declarations are merely an accumulation of hearsay, and;

   - At no time was the individuals present to witness any alleged acts or the creation of any alleged business records or the records of alleged transactions.

   - Upon information and belief the creator of the declarations was not involved in the opening of the alleged account and not involved in the creation of any account records related to the alleged account and therefore cannot have personal knowledge of how Capital One records were created, prepared and maintained and;

- Daniel Kuzmitski is unqualified to testify as to the truth of the information contained in Plaintiff's Affidavit **and attached documents**.

Considering the foregoing there is an issue of material fact before the Court and the case should be decided upon their merits whenever reasonably possible.  it is blatant, not subtle and in your face, that Defendant entered the documents into Court evidence, documents cannot be verified or authenticated.  The Court should Strike the Declaration of Daniel Kuzmitski.

## II.    CONCLUSION

74.   The overriding and most important reason that Defendants motion for summary judgment should be denied, is the fact that Defendant failed to follow Rule 7-3.  Without question Defendant failed to confer with Plaintiff prior to filing their motion for summary judgment.  It clearly states in Rule 7-3, any counsel contemplating the filing of motion shall contact the opposing counsel to discuss the matter, Defendant blatantly failed to do so.  Defendant filed the Motion for Summary Judgment, Plaintiff was completely in the dark, and they did not apprise him of doing so or confer with him in any manner at any time before filing the motion, and did not make an effort to discuss it after filing.  Plaintiff found out after they filed their motion.  If for no other reason this Court should deny Defendants Motion for Summary Judgment due to their barefaced disregard of the Local Rules, there was a complete failure on Defendants part to ignore the rules.

75.   Defendant has not attempted to prove they had legal rights to collect an alleged debt, and if they have no right to collect, there is no **possibility** of having a permissible purpose to obtain Plaintiffs credit report.  Plaintiff is not in possession of nor is there anything on the record made that factually states that they had any authority to collect an alleged debt.

76. Defendant conclusory statements attached cannot be considered by the Court.

77. Where does the truth rest?   The Court should carefully consider that there are conflicting and contradictory statements made between DK's declaration and Jennifer A. Kirby, who sent a letter on NWA's behalf on January 19, 1012! Neither has provided any assignments nor evidence of an alleged account being placed with NWA to give them any right to collect, which would be a pre-requisite for NWA have any possibility of a permissible purpose to obtain Plaintiffs credit report.

78. The Plaintiff as the "least sophisticate consumer" would obviously have a question with the conflicting and contradictory statements made between their representative and so should the jury and Court, as to who is not truthful.   Who is lying to the Plaintiff and the Court?   Is it Jennifer A. Kirby, the one who sent the January 19, 1012 letter on behalf of NWA or is it DK in his declaration, which's not truthful?   They have shown nothing but conclusory statements made and no evidence with any authority by either party to collect on an alleged debt, therefore summary judgment is inappropriate, these are issues to be determined at trial.

   WHEREFORE, because the Defendant have failed to show there are no issues of material fact before the Court, the Plaintiff respectfully request the Court deny Defendants' motion for summary judgment, Strike the Defendants declarations and allow Plaintiff's claim to move forward to trial on the merits.

Date: 11-28-12                              Respectfully,

                                            Deon L. Thomas
                                            14626 Red Gum St.
                                            Moreno Valley, CA 92555
                                            951-413-9071
                                            dlthomas32.thomas@gmail.com

**PLAINTIFF'S DEON L. THOMAS RESPONSE IN OPPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

# CERTIFICATE OF SERVICE

I, Deon L. Thomas ("Plaintiff"), do hereby certify that a copy of the foregoing

documents will be served by U.S. Postal Service to:


CARLSON & MESSER, L.L.P.
Attn: Grace Felipe
5959 W. Century Boulevard, Suite 1214
Los Angeles, CA. 90045



_____

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
951-413-9071
dlthomas32.thomas@gmail.com

# EXHIBIT "1"

# **AFFIDAVIT**

NOW COMES Deon L. Thomas ("Affiant/Plaintiff ") of Riverside, California who is over the age of 21 years of age, competent to testify, having personal knowledge of the facts stated in this Affidavit, and information contained herein are true and correct and declares as follows under penalty of perjury regarding Plaintiff's claims against Nelson, Watson & Associates, LLC ("NWA" or "Defendant") and states as follows:

1.  Defendant counsels failed to confer at any time with Plaintiff prior to files their summary judgment.

2.  Plaintiff is not in possession of nor is there anything on the record made that factually evidence DK being familiar with Capital One's business practices, record- keeping systems or policies and procedures.

3.  Plaintiff is not in possession of nor is there anything on the record made that factually evidences a "referral" of an alleged debt.

4.  Plaintiff is not in possession of nor is there anything on the record made that factually evidence any contract or other verified authenticated evidence of any alleged "account" in the name of Deon Thomas.

5.  Plaintiff is not in possession of nor is there anything on the record made that factually evidence any certified account records in the name of NWA or referred in NWA's name.

6.  Plaintiff is not in possession of nor is there anything on the record made that factually evidence any or prove any account records from NWA of any type of actions undertaking on Deon Thomas.  There is no documented evidence of any verifiable itemized calls or letters received by Plaintiff.

7.   Plaintiff is not in possession of nor is there anything on the record made that factually evidence any or prove Plaintiff is an account holder from any entity, let along NWA.

8.   Plaintiff is not in possession of nor is there anything on the record made that factually evidence any or prove any placement agreement between Capital One and NWA.

9.   Plaintiff is not in possession of nor is there anything on the record made that factually evidence any or prove any alleged "account" was placed with NWA for collection.  The document labeled as "account record" does not include NWA's name or Capital One's name, nor does NWA provide any other documentation evidencing "a placement with NWA".  There is nothing in this document to authenticate or verify the labeled document as "account record" belonging to NWA or any other entity.

10.  There is no documentation whatsoever annexed to the declaration or their pleading to evidence an alleged account being in "default".

11.  The alleged account records provided by NWA begin in 2004; alleged statements provided began in 2006 and end 2008.

12.  The alleged statements on or about 2008 was the last statement provided has an amount of $3,880.67, and Daniel Kuzmitski declarations states an alleged amount owed of $4099.49

13.  There are no documents purporting to evidence transfer of ownership of the alleged "*account*" to NWA or any documentation showing the actual existence of any alleged "*account*" from Capital One or any other entity alleged to be in the chain of ownership.

14.  The declaration filed by the defendant refers to transactions involving placement or referral of ownership of the alleged "*account*" where there is no verified evidence of such that has been made a part of the record or entered into evidence as exhibits.

15.  Plaintiff never had an account with Pinnacle Service Court.

AFFIDAVIT OF DEON L. THOMAS

16. Plaintiff received a letter from a Jennifer A. Kirby from Surdyk, Dowd & Turner Co.,
L.P.A. on January 19, 2012.

17. Letter sent to Plaintiff from a Jennifer A. Kirby from Surdyk, Dowd & Turner Co., L.P.A.
on January 19, 2012, states an account was placed with NWA on April 6, 2011 by Pinnacle
Credit Services.

18. All statement made my Daniel Kuzmitski is conclusory statements that are not backed by
any evidence before the Court.

I declare under penalty of perjury under the laws of the State of California that the forgoing
is true and correct.

Executed this 27th day of November 2012, in Riverside, California

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
951-413-9071
Dlthomas32@gmail.com

**NOTARY PUBLIC**

STATE California                           )
                                          ) ss.
COUNTY Riverside                          )

On __/1. 2 7__, 2012 before me __A. CASTRO__, _____ Notary Public

Personally appeared: Deon L. Thomas _____

_____

Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within
instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the
instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

AFFIDAVIT OF DEON L. THOMAS

1

2   I certify under the penalty of perjury under the laws of the State of California that the foregoing

3   paragraph is true and correct.

4   This _____ 2 7 ᵗʰ _____ day of ___ Nov ___, 2012   _____ Notary Public

5

6

7  (Notary Seal)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF DEON L. THOMAS

# EXHIBIT "2"

# Surdyk, Dowd & Turner Co., L.P.A.

———————————————— ATTORNEYS AT LAW ————————————————

ROBERT J. SURDYK
EDWARD J. DOWD*
JEFFREY C. TURNER
DAWN M. FRICK

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN INDIANA

KEVIN A. LANTZ
JOHN P. LANGENDERFER
JOSHUA R. SCHIERLOH
MELANIE L. FRANKEL
CHRISTOPHER T. HERMAN
JENNIFER A. KIRBY
STEPHEN W. CASE**

January 19, 2012

Deon Thomas
dlthomas32@gmail.com

RE:  Nelson, Watson & Associates, LLC

Dear Mr. Thomas:

I received your email dated January 17, 2012.  In response to your inquiries about the underlying account at issue, an account was placed with Nelson, Watson & Associates ("NWA") on April 6, 2011 by Pinnacle Credit Services.  NWA does not own the account at issue.  It was merely placed with NWA for collection purposes.

As discussed in my previous letter to you, NWA did not report this account to the credit bureaus, so it did not appear as a trade line on your credit report.  Again, NWA merely performed a credit inquiry.  A credit inquiry is only seen by you when you request a copy of your credit report and has no effect on your credit score.  Furthermore, even if NWA had pulled your credit report, it had a permissible purpose for doing so.  The Fair Credit Reporting Act specifically provides that the collection of an account is a permissible purpose for pulling a consumer's credit report.  See 15 U.S.C. § 1681b(a)(3)(A).

NWA considers this matter closed as it has demonstrated that your claims are without merit.  The decision to move forward with litigation is yours to make.  However, please be advised that should you decide to file suit against NWA, we will ask the court to order that you compensate NWA for its attorney fees and costs associated with defending any such lawsuit.

Sincerely,

SURDYK, DOWD & TURNER CO., L.P.A.

Jennifer A. Kirby

JAK/jas