Jeanne L. Zimmer (SBN 123321)
zimmerj@cmtlaw.com
J. Grace Felipe (SBN 190893)
felipeg@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant, NELSON, WATSON
& ASSOCIATES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS,<br><br>          Plaintiff *Pro Se*,<br><br>vs.<br><br>NELSON, WATSON &<br>ASSOCIATES, LLC, and DOES 1<br>- 10, inclusive,<br><br>          Defendants. | CASE NO. 2:12-cv-00701-CBM-OP<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NELSON, WATSON & ASSOCIATES, LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:  Hon. Consuelo B. Marshall<br>Date:   December 17, 2012<br>Time:   10:00 A.M.<br>Dept:   2<br><br>Filing Date: January 31, 2012<br>Trial Date:  April 2, 2013 |

TO *PRO SE* PLAINTIFF, DEON L. THOMAS:

Defendant, NELSON, WATSON & ASSOCIATES, LLC, ("NWA" or "Defendant") hereby submits this Reply to Plaintiff's Opposition and in support of NWA's Motion for Summary Judgment pursuant to Rule 56 of the *Federal Rules of Civil Procedure*.

/ / /

/ / /

/ / /

---

07013.00/189718

REPLY BRIEF TO MOTION FOR SUMMARY JUDGMENT
Case No: 2:12-cv-00701-CBM-OP

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE OPPOSITION IS UNTIMELY AND PROCEDURALLY DEFECTIVE

On November 13, 2012, NWA filed and served its Motion for Summary Judgment (the "Motion") with a hearing date of December 17, 2012 (Document No. 22). The Motion was scheduled for hearing in advance of the motion cut-off date of January 7, 2013. (*See* Document No. 20). Based on a December 17th hearing date, Plaintiff's Opposition was due by November 26, 2012, and NWA's Reply brief was due by December 3, 2012.

On December 3, 2012, NWA received Notice of Electronic Filing that Plaintiff filed Opposition to the Motion on November 28, 2012. (*See* entry for Document No. 24 on the Civil Docket.) Plaintiff filed his opposition papers two days <u>after</u> the deadline to do so, and NWA received the Opposition on the <u>same</u> day that a reply brief was due. The Opposition is 29 pages long and accompanied by a 6 page Statement of Genuine Disputes. (*See* Document Nos. 24 and 25.) The Opposition papers fail to comply with Local Rule 11-8 of the United Stated District Court for the Central District of California, and as such, are procedurally defective. In light of the untimeliness of Plaintiff's Opposition, NWA also was prejudiced against preparing and filing a Reply brief by December 3, 2012.

Plaintiff's untimely Opposition to NWA's summary judgment raises irrelevant issues, is inaccurate, and is unsupported by evidence. Therefore, the late papers should be completely disregarded from the Court's consideration. For reasons as set forth in further detail, Plaintiff's Opposition should not be considered on substantive bases, as well.

///
///
///

## II.

## THIS CASE IS EXEMPT FROM LOCAL RULE 7-3 BECAUSE PLAINTIFF IS APPEARING *PRO SE*

Rule 7-3 of the United States District Court, Central District of California Local Rules does not apply in any case where the plaintiff is appearing *pro se*. (L.R. 7-3, referencing L.R. 16-12(c).)  The Opposition attempts to hide from the merits of the Motion by claiming a procedural defect, that NWA allegedly failed to meet and confer with Plaintiff *Pro Se* before bringing the instant motion.  Plaintiff's argument is irrelevant because NWA is under no obligation to discuss the Motion with a *pro se* plaintiff before filing the Motion.

Local Rule 7-3 provides as follows:

> ***Conference of Counsel Prior to Filing of Motions.*** <u>In all cases not listed as exempt in L.R. 16-12</u>, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) . . ., counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person,* the substance of the contemplated motion and any potential resolution. (Emphasis added.)

Of the category of cases listed under Local Rule 16-12, "[a]ny case in which the plaintiff is appearing *pro se*" is clearly exempt.  Here, DEON L. THOMAS is a plaintiff *pro pe*, and therefore; NWA was not required meet and confer with Mr. Thomas pursuant to Local Rule 7-3, prior to filing the Motion.

## III.

## THE PARTIES PREVIOUSLY MET AND CONFERRED ON THE ISSUES PRESENTED IN NWA'S MOTION FOR SUMMARY JUDGMENT

Contrary to Plaintiff's assertions, the parties thoroughly discussed the material factual and legal issues concerning the case before NWA filed the Motion. After NWA appeared in this action, Plaintiff *pro se* and NWA's defense counsel engaged in lengthy discussions on whether NWA properly obtained Plaintiff's

credit report under the *Fair Credit Reporting Act*, 15 U.S.C. §1681b ("FCRA"). (*See* Declaration of J. Grace Felipe.) As set forth in the Motion, Plaintiff's entire lawsuit against NWA rests on whether NWA had a "permissible purpose" under the FCRA to access his credit report. (*See* Document No. 22.)

For instance, Plaintiff and NWA met and conferred pursuant to the *Federal Rules of Civil Procedure*, in preparation of the Joint Rule 26 Report. In a series of telephonic meetings, the parties stated their respective positions in the Joint Rule 26 Report:

> **1. A brief description of the nature of the case and type of action filed and the date filed in District Court**
>
> Plaintiff DEON THOMAS ("Plaintiff") asserts that Defendant NELSON, WATSON & ASSOCIATES, LLC ("Defendant") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by obtaining his credit report in February 2009 without a permissible purpose . . . .
>
> *Defendant contends that it possessed a "permissible purpose" under 15 U.S.C. § 1681b(a)(3)(A) of the FCRA, which allows a consumer reporting agency to give a report to a person it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."* Here, a delinquent Capital One credit account allegedly issued to Plaintiff was placed with Defendant for collections. Defendant initiated a credit inquiry ("soft pull") regarding Plaintiff with the credit agencies. Since Defendant's soft pull of Plaintiff's credit report involved the collection of the delinquent Capital One credit account allegedly issued to Plaintiff, then Defendant had a "permissible purpose" under the FCRA. (Emphasis added.)

Within the Joint Rule 26 Report, NWA also indicated that "Defendant anticipates filing for summary judgment." (*See* ¶9 of Document No. 14.) Considering that the parties met and conferred prior to filing the Joint Rule 26 Report on May 11, 2012, NWA obviously discussed the issues *before* filing the Motion, and thereby, complied with Local Rule 7-3. It became apparent during a series of discussions regarding the issues that Plaintiff *Pro Se* would not voluntarily dismiss his meritless lawsuit, and a summary judgment motion was necessary.

Therefore, any contention that NWA failed to timely meet and confer with Plaintiff regarding the substance of the Motion are absolutely unfounded.

## IV.
## DANIEL KUZMITSKI PROPERLY ATTESTS TO THE MATTERS SET FORTH IN HIS DECLARATION

The Opposition seeks to reject the Declaration of Daniel Kuzmitski simply because Mr. Kuzmitski is not an employee of Capital One Bank, the creditor to whom Plaintiff owed a debt. (*See* ¶¶ 36 and 49 of Document No. 24.) Mr. Kuzmitski, the Director of Training and Compliance for NWA properly laid the foundation for his personal knowledge of the facts contained in his Declaration. (*See* ¶¶ 3-5 of Document 22-2.) In summary, Mr. Kuzmitski stated that Plaintiff's credit card account with Capital One Bank was placed with NWA for collection, and NWA obtained Plaintiff's credit report in connection with collecting on that account. (¶¶ 9-11 of Document 22-2.) Despite Plaintiff's position, Mr. Kuzmitski need not be an employee or custodian of records for Capital One in order to testify as to these facts.

Furthermore, Plaintiff complains that Mr. Kuzmitski's Declaration lacks the following documents of (1) an agreement between NWA and Capital One Bank to collect on Plaintiff's account; (2) a credit account application by Plaintiff; (3) a credit agreement between Plaintiff and Capital One Bank, and (4) receipt or proof of the credit transaction wherein the debt was incurred. (¶¶ 10–12, 14, 16, 18–19, 22, 26–28 of Document No. 24) Plaintiff is trying to place obstacles in front of Defendant's evidence by imposing unnecessary requirements and blurring the issues with immaterial facts. Despite Plaintiff's complaints, Mr. Kuzmitski is not restricted from testifying to the matters within his declaration of which he has personal knowledge, and he is not required to attach the documents that Plaintiff demands in the Opposition.

1   Plaintiff also seeks to preclude Mr. Kuzmitski's Declaration on the grounds
2   that NWA did not verify Plaintiff's account before Defendant obtained Plaintiff's
3   credit information. ¶¶ 36–39 of Document No. 24.) However, there is no legal
4   authority for Plaintiff's proposition that NWA is required to verify the account
5   information from Capital One before it requests Plaintiff's credit report. According
6   to Plaintiff's reasoning, no debt collector has a permissible purpose to obtain a
7   credit report unless the debt collector has records going back to the origin of the
8   credit account. Plaintiff's arguments are neither persuasive or supported by the law.

## V.

## THERE IS NO TRIABLE ISSUE OF MATERIAL FACT

The Opposition consistently fails to demonstrate a triable issue of material fact. Plaintiff produced no evidence disputing any material fact in the Motion, and simply calling a fact is "disputed" does create a triable issue. For example, Plaintiff disputes the fact that Plaintiff's credit card account with Capital One was placed with NWA for collection. (¶¶ 5 and 7 of Document No. 25.) Mr. Kuzmitski testified to this fact (¶7 of Document 22-2), and Plaintiff merely disputed the fact without providing any controverting evidence. (¶5 of Document No. 25). In fact, Plaintiff's Statement of Genuine Disputes (Document No. 25) is replete with responses that the facts are "disputed" and frivolous objections to the evidence based on the Best Evidence Rule. A statement that a fact is disputed, without supporting evidence, is insufficient to create a triable issue of fact.

Under the FCRA, NWA has a permissible purpose for obtaining a consumer report where it "intends to use the information <u>in connection with a credit transaction involving the consumer</u> on whom the information is to be furnished and involving the extension of credit to, or review or <u>collection of an account of, the consumer</u>." 15 U.S.C. § 1681b(a)(3)(A)(emphasis added). Here, the material facts are simple and the evidence is clear. NWA is a debt collector that made a credit

1 | inquiry into Plaintiff's credit report to assist in the collection of Plaintiff's credit
2 | card account with Capital One Bank. Therefore, NWA was authorized to obtain
3 | Plaintiff's credit report, and Plaintiff's entire action under the FCRA fails as a
4 | matter of law.

## VI.
## CONCLUSION

For the foregoing reasons, Defendant NELSON, WATSON & ASSOCIATES, LLC respectfully requests that the Court grant summary judgment as to the entire First Amended Complaint in favor of Defendant and against Plaintiff.

DATED: December 4, 2012          CARLSON & MESSER LLP


                                 By /s/ J. Grace Felipe
                                 Jeanne L. Zimmer
                                 J. Grace Felipe
                                 Attorneys for Defendant,
                                 NELSON, WATSON & ASSOCIATES, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is: 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

On **November 13, 2012**, I served the foregoing document described as: **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NELSON, WATSON & ASSOCIATES, LLC'S MOTION FOR SUMMARY JUDGMENT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   (BY MAIL)
I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

☐   (BY FACSIMILE)
I transmitted via telecopier machine such document to the offices of the addressees. Executed on this 4th day of December, 2012, at Los Angeles, California.

☒   (FEDERAL)
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this **4th** day of **December 2012**, at Los Angeles, California.

*Kathryn A. Brown*
Kathryn A. Brown

<u>**Deon L. Thomas v. Nelson, Watson & Associates, LLC**</u>
**Our File No. 07013.00**

Deon L. Thomas                                                             **Plaintiff Pro Se**
14626 Red Gum Street
Moreno Valley, CA  92555
Phone:  (951) 413-9071
Email: dlthomas32@gmail.com