UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS PRO SE<br><br>    Plaintiff,<br><br>vs.<br><br>NELSON WATSON & ASSOCIATES, LLC, a Domestic Limited Liability Company (LLC)<br><br>    Defendant(s). | CASE NO. CV 12-00701 CBM (OPx)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

The matter before the Court is Defendant Nelson Watson and Associates LLC's Motion for Summary Judgment. [Docket No. 22.]

## I. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL HISTORY

Pro se Plaintiff Deon L. Thomas commenced this action on January 31, 2012. [Docket No. 1.] The operative complaint is the First Amended Complaint ("FAC"), which alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b by obtaining a copy of Plaintiff's credit report

1

without either Plaintiff's consent or a permissible purpose. (FAC at ¶¶ 13-18.) Plaintiff seeks $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1681n, costs, and attorney's fees.

### III.  FINDINGS OF FACT

The Court makes the following findings of fact.

Plaintiff is an individual residing in Riverside County at the time of filing of this suit. (FAC at ¶ 6.) Plaintiff applied for a credit card account with non-party Capital One Services, Inc. on or around May 12, 2004. (Declaration of Daniel Kuzmitski in Support of Motion for Summary Judgment ("Kuzmitski Decl.") at ¶ 9, Ex. A at NWA000068-NWA000145.) Plaintiff subsequently opened a credit card account with non-party Capital One Services, Inc. (Kuzmitski Decl. at ¶ 9, Ex. A at NWA000004-NWA000059, NWA000146-NWA000152.) Plaintiff accumulated debt on the credit card account. (*Id.*) The credit card account was subsequently placed with Defendant for collection. (Kuzmitski Decl. at ¶¶ 7-9, Ex. A at NWA000154-NWA000155.)

Defendant is a company with offices at 80 Merrimack Street, Haverhill, Massachusetts, 01830. (FAC at ¶ 7; Answer at ¶ 7.) Defendant is a debt collection company that is regularly engaged by creditors to collect unpaid credit card accounts on behalf of those creditors. (FAC at ¶ 7; Kuzmitski Decl. at ¶ 6.) Defendant made an inquiry regarding Plaintiff's credit report on or about February 7, 2009. (FAC at ¶ 8; Kuzmitski Decl. at ¶ 11.)

### IV.  STANDARD OF LAW

Summary judgment against a party is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). A party seeking summary judgment bears the initial burden of informing

the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence and draws all inferences in the light most favorable to the nonmoving party. *T.W. Elec. Svc., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).

Once the movant has sustained the initial burden of production, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When the nonmovant bears the burden of proof at trial, the court evaluates "the evidence presented through the prism of the substantive evidentiary burden." *Id*. at 254. The court determines whether there is a triable issue of fact in light of the "actual quantum and quality of proof" the nonmovant must meet at trial. *Id*. Rule 56 does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex Corp.*, 477 U.S. at 323.

### V. CONCLUSIONS OF LAW

**A.    Local Rule Violations**

**L.R. 7-3.** Plaintiff argues that Defendant's Motion for Summary Judgment should be denied for failure to comply with Local Rule 7-3. (Opp'n at 8:12-10:2.)

Plaintiff's interpretation of the Local Rules is mistaken. Local Rule 7-3 requires "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." This requirement does not apply to "[a]ny case in which the plaintiff is appearing pro se . . .." Local Rules 7-3, 16-12(c).

The Court finds that Defendant did not violate Local Rule 7-3.

**L.R. 7-9 and 11-8**. Defendant argues that Plaintiff's Opposition should be disregarded because it was filed two days late in violation of Local Rule 7-9 and further violated Local Rule 11-8. (Reply at 2.) Defendant further argues that it was prejudiced by Plaintiff's late Opposition but does not explain how it was prejudiced by Plaintiff's late Opposition. (*Id.*)

Local Rule 7-9 requires opposing papers to be filed no later than twenty-one days before the date designated for the hearing of the motion. Plaintiff's Opposition should have been filed no later than November 26, 2012. Plaintiff instead filed his Opposition on November 28, 2012. [Docket Nos. 24, 25.]

Local Rule 11-8 requires that "[a]ny memorandum of points and authorities or any brief exceeding ten (10) pages in length, excluding exhibits, shall be accompanied by an indexed table of contents." Plaintiff's Opposition is twenty-one pages long, excluding the certificate of service and exhibits and does not include a table of contents. [Docket No. 24.]

The Court finds that Plaintiff violated Local Rules 7-9 and 11-8. The Court has nonetheless reviewed and considered Plaintiff's Opposition. The Court admonishes Plaintiff that the Court expects familiarity with this Court's Standing Order, the Local Rules, and the Federal Rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) (stating that pleadings are liberally construed in favor of pro se litigants but they are bound by the rules of procedure.") Further violations may result in sanctions.

**B.     Violation of the FCRA, 15 U.S.C., § 1681b**

15 U.S.C. § 1681b limits the circumstances under which a credit reporting agency may furnish credit reports to an enumerated set of "permissible purposes." If those purposes are exceeded, then 15 U.S.C. § 1681n provides consumers with a private right of action against "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with [potential liability] equal to the

sum of . . . . any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." To prove his claim alleged under 15 U.S.C. § 1681n, Plaintiff must show that Defendant willfully obtained his credit report for an impermissible purpose. (15 U.S.C. § 1681b; FAC at ¶ 18.)

Defendant provided evidence that Plaintiff is the account holder of a past due credit card account placed with Defendant for collection. (Kuzmitski Decl. at ¶ 7.) Defendant also provided a copy of Plaintiff's Capital One credit card account records. (*Id*. at ¶ 9, Ex. A.)

Plaintiff has presented no evidence that Defendant requested his credit report for any reason other than to attempt to collect on the debt, and requesting a credit report with the intent to collect on a debt is among the "permissible purposes" listed in the FCRA.[1] 15 U.S.C. § 1681b(a)(3)(A) expressly permits distribution of a consumer report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." *See also Huertas v. Galaxy Asset Mgmt*., 641 F.3d 28, 34 (3d Cir. 2011) (affirming dismissal of claims where "[plaintiff] sought credit . . . which he received, and accumulated credit card debt . . . .which ultimately resulted in [defendant's] accessing [plaintiff's] credit report to collect on his delinquent accounts"); *Thomas v. U.S. Bank, N.A*., 325 F. App'x

---

[1] Plaintiff provided a letter from counsel for Defendant to support his argument that there is a material issue of fact as to whether Defendant requested his credit report for an impermissible purpose. (Affidavit of Deon Thomas, Ex. 2.) The letter is not from Defendant's present counsel. (*Id*.) The letter is dated January 19, 2012 and states "an account was placed with [Defendant] on April 6, 2011 by Pinnacle Credit Services . . . .for collection purposes." (*Id*.) While Plaintiff is correct that the date and creditor information differs from that in the Kuzmitski Declaration, the Court finds this difference alone does not raise a triable issue of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986) (The court determines whether there is a triable issue of fact in light of the "actual quantum and quality of proof" the nonmovant must meet at trial).

592, 593 (9th Cir. 2009) (affirming summary judgment because "[plaintiff] presented no evidence that [defendants] had requested his credit report for any reason other than to attempt to collect on the debt").

The Court finds that Plaintiff has failed to present evidence that Defendant requested Plaintiff's credit report for an impermissible purpose.

## VI.  CONCLUSION

The Court **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Date:  March 1, 2013       By: _____
                           HONORABLE CONSUELO B. MARSHALL
                           United States District Judge